IRELL & MANELLA LLP
Morgan Chu (70446)
Andrei Iancu (184973)
Melissa R. McCormick (180384)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone:   (310) 277-1010
Facsimile:   (310) 203-7199

Attorneys for Defendants
Research In Motion Corp. and
Research In Motion Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Dolby International AB, | Case No. CV 11-02931 WHA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | **DEFENDANTS RESEARCH IN MOTION LIMITED'S AND RESEARCH IN MOTION CORPORATION'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT** |
| Research In Motion Limited and Research In Motion Corporation, | |
| Defendants. | |

Defendants Research In Motion Limited and Research In Motion Corporation (collectively, "RIM") hereby file their answer and defenses to the Complaint for Patent Infringement ("Complaint") filed by Dolby International AB ("Dolby") on June 15, 2011.

**ANSWER TO COMPLAINT**

Each of the paragraphs below corresponds to the same-numbered paragraphs in the Complaint. RIM denies all of the allegations in the Complaint, whether express or implied, that are not specifically admitted below. Among other things, RIM has recently entered into a license agreement which RIM believes covers the patents-in-suit. RIM responds to the allegations in the Complaint as follows:

## SUMMARY OF CLAIMS[1]

1. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations of the third sentence of paragraph 1, and therefore denies the same. RIM denies the remaining allegations in paragraph 1.

2. RIM denies the allegations in paragraph 2.

3. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 3, and therefore denies same.

4. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and therefore denies same.

5. RIM denies the allegations of paragraph 5.

6. RIM denies that the use and employment of High Efficiency Advanced Audio Coding ("HE AAC") necessarily infringes U.S. Patent Nos. 6,978,236 ("the '236 Patent"), 7,003,451 ("the '451 Patent"), 7,382,886 ("the '886 Patent"), 7,469,206 ("the '206 Patent"), or 7,590,543 ("the '543 Patent") (collectively, the "patents-in-suit"). RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 6, and therefore denies same.

7. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, and therefore denies same.

8. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 8, and therefore denies same.

9. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 9, and therefore denies same.

10. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 10, and therefore denies same.

---

[1] RIM repeats some of the headings set forth in the Complaint in order to simplify comparison of the Complaint and this Answer. By doing so, RIM makes no admissions regarding the substance of the heading or any other allegation in the Complaint and unless otherwise stated, to the extent that a particular heading can be construed as an allegation, RIM specifically denies all such allegations.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 2 -
RIM'S ANSWER & DEFENSES

## JURISDICTION AND VENUE

11. RIM admits that the Complaint purports to state a claim for patent infringement under the patent laws of the United States, Title 35 of the United States Code, but denies that the claim has any merit as to RIM and denies that RIM has committed any acts of patent infringement.

12. RIM admits the allegations of paragraph 12.

13. RIM denies the allegations in paragraph 13.

14. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 14, and therefore denies same.

15. RIM denies the allegations of paragraph 15, but admits that it is subject to the personal jurisdiction of this Court.

16. RIM denies the allegations of paragraph 16, but admits that it is subject to the personal jurisdiction of this Court.

17. RIM admits that Dolby purports to base venue on 28 U.S.C. §§ 1391(b), (c), and (d), and § 1400(b), but denies that the Northern District of California is an appropriate forum for this action, in light of factors including those set out in 35 U.S.C. § 1404(a) and similar provisions.

## THE PARTIES

18. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and therefore denies same.

19. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and therefore denies same.

20. RIM admits the allegations of paragraph 20.

21. RIM admits the allegations of paragraph 21.

22. RIM denies the allegations in paragraph 22.

## BACKGROUND

23. RIM lacks knowledge or information sufficient to form a belief about the truth of the first sentence in paragraph 23, and therefore denies same. RIM denies the remaining allegations in paragraph 23.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 3 -

RIM'S ANSWER & DEFENSES

24. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 24, and therefore denies same.

25. RIM admits that the quality of compressed digital audio has generally increased over the years, but denies the remaining allegations in paragraph 25.

26. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 26, and therefore denies same.

27. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and therefore denies same.

28. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28, and therefore denies same.

29. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 29, and therefore denies same.

30. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and therefore denies same.

31. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 31, and therefore denies same.

32. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 32, and therefore denies same.

33. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 33, and therefore denies same.

34. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 34, and therefore denies same.

35. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 35, and therefore denies same.

36. RIM denies that it is impossible to create a product that is compatible with the standards or to achieve interoperability without infringing Dolby's patents. RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 36, and therefore denies same.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 4 -

RIM'S ANSWER & DEFENSES


1  37. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 37, and therefore denies same.

3  38. RIM admits that some Dolby patents are available for license through Via Licensing Corporation. RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 38, and therefore denies same.

6  39. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 39, and therefore denies same.

8  40. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and therefore denies same.

10  41. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 41, and therefore denies same.

12  42. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 42, and therefore denies same.

14  43. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 43, and therefore denies same.

16  44. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 44, and therefore denies same.

18  45. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 45, and therefore denies same.

20  46. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 46, and therefore denies same.

22  47. RIM denies the allegations of paragraph 47.

23  48. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 48, and therefore denies same.

25  49. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 49, and therefore denies same.

27  50. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 50, and therefore denies same.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 5 -

RIM'S ANSWER & DEFENSES

51. RIM admits that it has had communications with Dolby, and only some of those are set forth in the Complaint, but RIM denies the remaining allegations of paragraph 51.

52. RIM denies the allegations of paragraph 52.

53. RIM denies the allegations of paragraph 53.

54. RIM admits that there is an April 26, 2007 email between Via and Mr. Crowley and Mr. Mishler of RIM. RIM states that the email speaks for itself and is the best evidence of what is contained in it. RIM denies the remaining allegations of paragraph 54.

55. RIM admits that Mr. Mishler of RIM had communications with DLLC and Coding Technologies AB regarding Dolby's patents. RIM denies the remaining allegations of paragraph 55.

56. RIM admits that between December of 2007 and June of 2008, between March and June of 2009, and at certain points in 2010 and in early 2011, Via and RIM engaged in discussions related to a license that would include the patents-in-suit, among others. RIM denies the remaining allegations of paragraph 56.

57. RIM denies the allegations of paragraph 57.

58. RIM denies the allegations of paragraph 58.

59. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 59, and therefore denies same.

60. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 60, and therefore denies same.

61. RIM denies the allegations of paragraph 61.

62. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 62, and therefore denies same.

63. RIM denies the allegations of paragraph 63.

64. RIM lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 64, and therefore denies same.

65. RIM denies the allegations of paragraph 65.

66. RIM denies the allegations of paragraph 66.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 6 -

RIM'S ANSWER & DEFENSES

67. RIM denies the allegations of paragraph 67.

68. RIM denies the allegations of paragraph 68.

69. RIM denies the allegations of paragraph 69.

70. RIM denies the allegations of paragraph 70.

## **COUNT ONE**

71. Paragraph 71 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, RIM incorporates its responses to paragraphs 1-70 above.

72. RIM admits that U.S. Patent No. 6,978,236 ("the '236 Patent") was issued by the U.S. Patent and Trademark Office on December 20, 2005. RIM admits that a purported copy of the '236 Patent appears to be attached to the Complaint as Exhibit 4. RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 72, and therefore denies same.

73. RIM denies the allegations of paragraph 73.

74. RIM denies the allegations of paragraph 74.

## **COUNT TWO**

75. Paragraph 75 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, RIM incorporates its responses to paragraphs 1-70 above.

76. RIM admits that U.S. Patent No. 7,003,451 ("the '451 Patent") was issued by the U.S. Patent and Trademark Office on February 21, 2006. RIM admits that a purported copy of the '451 Patent appears to be attached to the Complaint as Exhibit 5. RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 76, and therefore denies same.

77. RIM denies the allegations of paragraph 77.

78. RIM denies the allegations of paragraph 78.

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 7 -

RIM'S ANSWER & DEFENSES

**COUNT THREE**

79. Paragraph 79 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, RIM incorporates its responses to paragraphs 1-70 above.

80. RIM admits that U.S. Patent No. 7,382,886 ("the '886 Patent") was issued by the U.S. Patent and Trademark Office on June 3, 2008. RIM admits that a purported copy of the '886 Patent appears to be attached to the Complaint as Exhibit 6. RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 80, and therefore denies same.

81. RIM denies the allegations of paragraph 81.

82. RIM denies the allegations of paragraph 82.

**COUNT FOUR**

83. Paragraph 83 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, RIM incorporates its responses to paragraphs 1-70 above.

84. RIM admits that U.S. Patent No. 7,469,206 ("the '206 Patent") was issued by the U.S. Patent and Trademark Office on December 23, 2008. RIM admits that a purported copy of the '206 Patent appears to be attached to the Complaint as Exhibit 7. RIM lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 84, and therefore denies same.

85. RIM denies the allegations of paragraph 85.

86. RIM denies the allegations of paragraph 86.

**COUNT FIVE**

87. Paragraph 87 incorporates previously answered factual allegations and therefore requires no further response. To the extent a response is required, RIM incorporates its responses to paragraphs 1-70 above.

88. RIM admits that U.S. Patent No. 7,590,543 ("the '543 Patent") was issued by the U.S. Patent and Trademark Office on September 15, 2009. RIM admits that a purported copy of

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 8 -

RIM'S ANSWER & DEFENSES

1  the '543 Patent appears to be attached to the Complaint as Exhibit 8.  RIM lacks knowledge or

2  information sufficient to form a belief about the truth of the remaining allegations in paragraph 88,

3  and therefore denies same.

4         89.    RIM denies the allegations of paragraph 89.

5         90.    RIM denies the allegations of paragraph 90.

6         RIM denies that Dolby is entitled to any relief from or a judgment against RIM, either as

7  prayed for in the Complaint or otherwise.

## AFFIRMATIVE DEFENSES

9         Without assuming the burden of proof when such burden would otherwise be on Dolby,

10  RIM asserts the following affirmative defenses to the allegations in the Complaint:

### License

12         91.    Dolby's claims are barred by license, including a license of the patents-in-suit

13  pursuant to a license agreement between Research In Motion Limited and Via Licensing

14  Corporation.

### Non-Infringement

16         92.    RIM does not infringe and has not infringed, either directly, jointly, indirectly,

17  contributorily, or by inducement, any valid and enforceable claim of any of the patents-in-suit,

18  either literally or under the doctrine of equivalents, willfully or otherwise.

### Reservation

20         93.    RIM reserves all affirmative defenses available under Rule 8(c) of the Federal

21  Rules of Civil Procedure, and any other defenses, at law or in equity, that may be available now or

22  may become available in the future based on discovery or any other factual investigation in this

23  case.

24         WHEREFORE, RIM respectfully requests that this Court:

25         a.    Order that Dolby take nothing by its Complaint;

26         b.    Dismiss the Complaint with prejudice;

27         c.    Enter judgment against Dolby and in favor of RIM on all counts;

28

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793    RIM'S ANSWER & DEFENSES

1    d.   Declare this case exceptional under 35 U.S.C. § 285 and award RIM its reasonable
2 attorneys' fees, expenses and costs incurred in this action; and
3    e.   Award RIM such other and further relief as the Court deems just and proper.
4 Dated: August 5, 2011                    IRELL & MANELLA LLP

By: */s/ Melissa R. McCormick*
Melissa R. McCormick
Attorneys for Defendants Research In Motion Limited and Research In Motion Corporation

IRELL & MANELLA LLP
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 10 -
RIM'S ANSWER & DEFENSES

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 5, 2011 to all counsel of record who are deemed to have consented to electronic service per Civil Local Rule 5-1. Any other counsel of record will be served by electronic mail.

By: /s/ Melissa McCormick
Melissa McCormick
Attorney for Defendants
RESEARCH IN MOTION CORPORATION
AND RESEARCH IN MOTION LTD.

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2473793

- 11 -

RIM'S ANSWER & DEFENSES